PJS:JMH

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODNEY BOOMER,** | : | |
| **Plaintiff** | : | |
| | : | |
| **V.** | : | **CIVIL NO.: 3:14-CV-1692** |
| | : | |
| | : | **(Conaboy, J.)** |
| **THE UNITED STATES, et al.** | : | |
| **Defendants** | : | **Filed Electronically** |

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTION TEMPORARY RESTRAINING ORDER

Plaintiff Rodney Boomer's motion for renewal of his request for a preliminary injunction and temporary restraining order should be denied.

## I. Procedural History

Plaintiff Rodney Boomer (Boomer), an inmate at the United States Penitentiary in Lewisburg, Pennsylvania (USP Lewisburg), commenced this action under the Federal Tort Claims Act (FTCA) on August 29, 2014. See Compl. (Doc. 1). He alleges that Bureau of Prisons (BOP) staff members were negligent in failing to protect him from assaults and provided negligent medical care. See id.

More specifically, Boomer avers that upon entry to USP Hazelton, USP Coleman, USP Allenwood, USP Tuscon, and the SMU at USP Lewisburg he warned BOP officials that he was in danger because of information in his legal paperwork indicating he cooperated with police officers during his criminal case, but that he was ignored. Id. pp. 4-6. He also alleges he had legal documents and personal items

stolen as a result of the same false information.  Id.

In addition, Boomer then alleges that on August 23, 2013, he was forced to defend himself against an assault at USP Lewisburg when he refused to provide his cellmate a copy of his criminal case paperwork.  Id., p. 8. Boomer then alleges he was attacked on October 22, 2013 and November 1, 2013 due to the information contained in his criminal case paperwork.  Id.

Boomer also alleges he has been denied his seizure medication, as well as medical treatment for seizures, concussion, slowed speech, memory loss, back pain, movement difficulties, and toe nail conditions.  Id. pp. 12-13.  Boomer requests injunctive and monetary relief.[1]  Id., p. 9.

On December 29, 2014, Defendants filed a Motion to Dismiss and for Summary Judgment.  After one enlargement, Defendants filed a brief and statement of facts in support of their motion. Despite being granted an enlargement of time until April 24, 2015 in which to file his opposition to Defendants' motion, Boomer filed only a counter statement of facts.

On June 10, 2015, Boomer filed a letter with an accompanying affidavit moving the Court for a second temporary restraining order and preliminary

---

[1] Boomer's request for injunctive relief under the FTCA must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) on the ground of sovereign immunity and lack of subject matter jurisdiction. The FTCA only makes the United States liable in compensatory damages for torts committed by its employees and agents.  28 U.S.C. §§ 1346(b)(1) and 2674. The sole form of relief provided in the FTCA is compensatory damages. Id.

injunction.[2]  Defendants now oppose Boomer's motion.

### III. Argument

Boomer requests the Court order the Defendants to stop denying him a neurological evaluation; from housing him with other inmates; or transferring him to another penitentiary.  Doc. 50, 55.  Boomer makes these requests because he alleges his life is in danger due to information contained in his federal case paperwork and because he is being denied medical care.  Id.

"The purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits."  Anderson v. Davila, 125 F.3d 148, 156 (3d Cir. 1997).  In order to obtain the injunctive relief he seeks, the moving party must demonstrate "(1) that he is likely to suffer irreparable injury in the absence of injunctive relief; [and] (2) that he is likely to prevail on the merits."  Id. at 159 (citing Schulz v. U.A. Boxing Ass'n, 105 F.3d 127, 131 n.6 (3d Cir. 1997)); Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 309 F.3d 144, 157 (3d Cir. 2002) (same).  If he succeeds in demonstrating the first two requirements, the court should then consider, when relevant, "(3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest."  Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994) (quoting Del. River Port Auth. v. Transamerican Trailer Transp., Inc., 501 F.2d 917, 919-20 (3d Cir. 1974) (additional citation omitted)).

---

[2] Defendants note that Boomer filed his original Motion for Temporary Restraining Order on November 12, 2014; however, he failed to file a supporting brief.  Thus, Defendants did not respond.

The Third Circuit has "repeatedly insisted that the use of judicial power to arrange relationships prior to a full determination on the merits is a weighty matter, and the preliminary injunction device should not be exercised unless the moving party shows that it specifically and personally risks irreparable harm." Adams v. Freedom Forge Corp., 204 F.3d 475, 487 (3d Cir. 2000) (citing Campbell Soup Co. v. ConAgra Inc., 977 F.2d 86, 91 (3d Cir. 1992)). "The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat." Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969) (additional citations omitted).   The Supreme Court has instructed that "the tool of the preliminary injunction should be reserved for 'extraordinary situations.'" Id. (citing Sampson v. Murray, 415 U.S. 61, 88 (1974)).

The Third Circuit has also "insisted that the risk of irreparable harm must not be speculative." Adams v. Freedom Forge Corp., 204 F.3d at 488 (citing Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)).  "Generally preliminary injunctions are granted to maintain the status quo." Sovereign Water v. Messineo, 572 F. Supp. 983 (E.D. Pa. 1983) (citation omitted).

In the instant case, Boomer fails to satisfy the four-factor test for issuance of a preliminary injunction.  First, he fails to demonstrate he is likely to succeed on the merits of his claims when the majority of what he complains about in his motion has been addressed by Defendants and gone unanswered by Boomer.  Further, he fails to even address the merits of his claim in the instant motion.  His motion is simply a recitation of the Complaint.

Boomer also fails to meet the second element – that he would suffer irreparable harm if the preliminary injunction is not issued.  The Third Circuit defines "irreparable harm" as "potential harm which cannot be redressed by a legal or equitable remedy following a trial."  <u>Instant Air Freight v. C.F. Air Freight, Inc.</u>, 882 F.2d 797, 801 (3d Cir. 1989).  "The moving party must offer a 'clear showing of immediate irreparable injury.'" <u>Dice v. Clinicorp, Inc.</u>, 887 F. Supp. 803 (W.D. Pa. 1995) (quoting <u>ECRI v. McGraw-Hill, Inc.</u>, 809 F.2d 223, 226 (3d Cir. 1987) (finding that the district court erred in granting a preliminary injunction when the movant failed to show irreparable harm)).  The record is replete with evidence that prison officials are providing Boomer medical treatment and have not housed him with any other inmate that Boomer has seperatee concerns.  Boomer's disagreement with the course of treatment does not establish that absent a preliminary injunction he will suffer irreparable harm.  Thus, Boomer has not alleged sufficient irreparable harm, nor has he provided any evidence of any alleged harm.  On the contrary, the record reflects that Boomer has not been harmed and is not in danger of being harmed as a result of his medical care or his cell assignment.

With regard to the third and fourth elements, Boomer fails to demonstrate how the granting of his motion would not cause irreparable harm to the Defendants or to show how it would be in the public interest.  USP Lewisburg is a high security penitentiary housing a large number of inmates with a history of violent criminal behavior.  The entire BOP staff has the responsibility to maintain order within the institution and would be irreparably harmed if the Court interfered with their

ability to use their own discretion and expertise to determine what medical treatment or housing was necessary or attainable for Boomer or any other inmate. Finally, it is in the interest of the public to maintain safety and security in federal prisons located within the community. In light of the foregoing, Boomer fails to meet any of the four elements required for the granting of a preliminary injunction. As such, this Court should deny Boomer's motion for a preliminary injunction.

## IV.    Conclusion

Based on the foregoing reasons, the Court should deny Boomer's Motion for a Preliminary Injunction / Temporary Restraining Order.

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s/ Joanne M. Hoffman
JOANNE M. HOFFMAN
Special Assistant U.S. Attorney
Attorney I.D. No. 315327
235 North Washington Ave
P.O. Box 309
Scranton, PA  18503
Phone: (570) 348-2800
Facsimile: (570) 348-2830

Dated: June 24, 2015

6

PJS:JMH

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODNEY BOOMER,** | : | |
| **Plaintiff** | : | |
| | : | |
| **V.** | : | **CIVIL NO.: 3:14-CV-1692** |
| | : | |
| | : | **(Conaboy, J.)** |
| **THE UNITED STATES, et al.** | : | |
| **Defendants** | : | **Filed Electronically** |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on June 24, 2015, she served a copy of the attached

### BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTION TEMPORARY RESTRAINING ORDER

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Scranton, Pennsylvania.

Addressee:

Rodney Boomer
Reg. No. 12913-067
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

s/ Joanne M. Hoffman
Joanne M. Hoffman
Special Assistant U.S. Attorney

7